### NORTH v. STATE.

(Court of Criminal Appeals of Texas. March 18, 1914. Rehearing Denied April 15, 1914.)

CRIMINAL LAW (§ 1097*) — APPEAL—STATEMENT OF FACTS—NECESSITY.

Where defendant was arrested six months before trial, an objection that he was forced to trial without an attorney to represent him cannot be considered, in the absence of a statement of facts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2862, 2864, 2926, 2934, 2938, 2939, 2941, 2942, 2947; Dec. Dig. § 1097.*]

Appeal from Johnson County Court; J. B. Haynes, Judge.

Frank North was convicted of a violation of the local option law, and he appeals. Affirmed.

Phillips & Rice, of Cleburne, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was prosecuted and convicted of violating the local option law, and his punishment assessed at a fine of $65 and 60 days' imprisonment in the county jail.

The record before us contains neither statement of facts nor any bills of exception. In the motion for a new trial appellant complains that he was forced to trial without an attorney to represent him. The information in this case was filed April 15, 1913. The case was called for trial December 23, 1913, more than six months after his arrest. While the right to be heard by counsel is a valuable right, and one that cannot be ruthlessly taken away, yet one charged with crime must use due diligence to procure counsel to represent him. In the absence of a statement of facts, no question is presented we can review.

The judgment is affirmed.